**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Genaro LOPEZ–PERETE,**
**Defendant–Appellant.**

No. 06–30109.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 6, 2007.*

Filed Feb. 8, 2007.

· Michael Dion, Esq., USTA—Office of the U.S. Attorney, Tacoma, WA, Plaintiff–Appellee.

Russell Leonard, Esq., FPDWA—Federal Public Defender's Office, Tacoma, WA, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before: FISHER and TALLMAN, Circuit Judges, and MILLS,** District Judge.

### MEMORANDUM ***

Appellant Genaro Lopez–Perete appeals the district court's denial of his motion to suppress after entering a conditional guilty plea to possessing methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court properly denied Lopez–Perete's motion to suppress evidence seized during a traffic stop. Lopez–Perete concedes that Rangers Aaron Titus and Rick Blair properly initiated the traffic stop, and contests only the district court's finding that under the totality of the circumstances the rangers had reasonable suspicion to further detain him beyond the time necessary to issue a warning ticket. *See Terry v. Ohio,* 392 U.S. 1, 21–22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Rangers Titus and Blair and Officer Kristine Fairbanks articulated several suspicious circumstances: apparent nervousness; the presence of three fully unwrapped air fresheners hanging in the car; that Lopez–Perete exceeded the speed limit late at night while driving through Olympic National Park's Lake Crescent district, an area known for substantial drug activity; and that Lopez–Perete lived in a small nearby trailer park where Officer Fairbanks had previously deployed her K–9 to sniff for drugs in various trailers, and had been told by a "reliable" informant about a clandestine methamphetamine lab operating in the vicinity. The district court did not clearly err in determining the exis-

tence of these supporting facts. These circumstances in totality sufficed to form a "particularized and objective basis" for the officers to reasonably suspect that Lopez–Perete was engaged in criminal wrongdoing, thereby justifying expanding the scope of the initial traffic stop for the brief time it took Officer Fairbanks's canine to alert to the presence of drugs hidden behind the grill of his vehicle. *See United States v. Cortez,* 449 U.S. 411, 417–18, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981); *United States v. Terry–Crespo,* 356 F.3d 1170, 1173 (9th Cir.2004).

AFFIRMED.

---

** The Honorable Richard H. Mills, Senior United States District Judge, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.